UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )   CASE NO: 96-85-CR-FTM-25
                             )            96-110-CR-FTM-17
vs.                          )            96-111-CR-FTM-99
                             )
ARTHUR S. SCHNITSKY,         )   Fort Myers, Florida
                             )   July 10, 1997
        Defendant.           )   8:30 A.M.
_____)

TRANSCRIPT OF PROCEEDINGS
SENTENCING HEARING
BEFORE THE HONORABLE HENRY ADAMS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the United States:      DOUGLAS MOLLOY, ESQUIRE
                            KATHLEEN HALEY, ESQUIRE
                            United States Attorney's Office
                            2110 First Street, Suite 3-137
                            Fort Myers, Florida 33901

For the Defendant:          WILBUR C. SMITH, III, ESQUIRE
                            Post Office Box 8
                            Fort Myers, Florida 33902

Reported By:                PATSY LYNN COLEMAN, RPR, FPR
                            Contract Court Reporter

MARTINA REPORTING SERVICES
The Courtney Building
2069 First Street - Suite 201
Fort Myers, Florida 33901
(239) 334-6545 / FAX (239) 332-2913

1   THE COURT: Let's call the first case.
2   THE CLERK: Case Number 96-85-Criminal-Fort Myers-
3   25; 96-110-Criminal-Fort Myers-17, 96-111-Criminal-Fort
4   Myers-99, United States of America versus Arthur Schinitsky.
5   Is the Government ready?
6   MR. MOLLOY: Government is ready, Your Honor.
7   Good morning. Douglas Molloy and Kathleen Haley for the
8   United States.
9   THE CLERK: Is the defendant present and ready?
10  MR. SMITH: The defendant is present. The
11  defendant is ready. Wilbur Smith on behalf of Mr.
12  Schinitsky, who is present at the podium.
13  THE COURT: Good morning, Counsel.
14  MR. SMITH: Good morning.
15  THE COURT: Sir, are you Arthur Schinitsky?
16  THE DEFENDANT: Yes, sir.
17  THE COURT: All right. Let the record show that
18  the defendant is present with counsel. Also let the record
19  show that the defendant entered a plea of guilty on December
20  13th of '96 to Counts One, Five and Twenty-Two of the
21  indictment in Case Number 96-85, which charged conspiracy
22  to violate mail fraud -- or conspiracy to commit mail fraud,
23  wire fraud, and money laundering in violation of Title
24  18:1957.
25  On March 27th, he entered a plea of guilty to

1  Counts One and Two in Case Number 96-110, charging him with
2  making false statements in violation of Title 18:1001; and
3  on March 27th, he entered a plea of guilty to Count Fifteen
4  in Case Number 96-111, which charged him with mail fraud
5  in violation of Title 18:1341.
6        The plea was accepted.  A presentence report was
7  ordered.  He's now adjudicated guilty as to each offense.
8        Counsel, did you receive a copy of the report?
9        MR. SMITH:  Yes, sir, we did and we have reviewed
10 it carefully and filed objections.
11       THE COURT:  Did you have an opportunity to review
12 the report with Mr. Schinitsky?
13       MR. SMITH:  Yes, we did on a number of occasions.
14       THE COURT:  Did the Government receive a copy of
15 the report?
16       MR. MOLLOY:  Yes, Your Honor, and Miss Haley has
17 reviewed it.  We have no objections.  I have reviewed it in
18 preparation for the hearing this morning.
19       THE COURT:  What are your objections, Mr. Smith?
20       MR. SMITH:  Your Honor, we have raised a number
21 of objections that we'll just adopt and incorporate by
22 reference and not make additional argument.
23       The primary one was regarding the amount of funds
24 involved and the Government has filed -- the Government
25 filed a response that lowered the amount and we're not going

1  to argue it any further.
2          THE COURT: What is the lower amount?
3          MR. SMITH: Ten million, one hundred --
4          MR. MOORE: 131,000.
5          THE COURT: Now, the report is -- is the probation
6  department here?
7          MR. MOORE: Yes, sir.
8          THE COURT: The report that I'm in possession of
9  scores this defendant at an amount over $20,000,000.
10         MR. MOORE: Yes, sir. As the intended loss, yes,
11 sir.
12         THE COURT: What is the basis for the agreement
13 between the Government? I don't have copies of it at this
14 point.
15         MR. SMITH: Your Honor, that intended loss
16 applies to the fraud count and because the money laundering
17 count has a higher base level, the amount under the money
18 laundering count is the one that is used and that's the ten
19 million, one hundred and some odd. So the over 20,000,000
20 really doesn't factor into the sentencing.
21         Maybe probation could explain that a little more
22 articulately.
23         THE COURT: Yes. Let me hear from probation.
24         MR. MOORE: Yes, sir. Paragraph 48 of the report
25 under the money laundering count is the paragraph that Mr.

1 Smith is making reference to. I changed the loss to
2 $10,138,100 there pursuant to the Government's agreement.
3 So that is the actual loss in reference to the money
4 laundering count.
5     THE COURT: So the loss is $10,138,100?
6     MR. MOORE: Yes, sir.
7     THE COURT: Now, both parties are in agreement
8 with that amount?
9     MR. MOLLOY: That's correct, Your Honor. After
10 my conference with Miss Haley and conferring with Mr. Smith.
11     THE COURT: Mr. Smith?
12     MR. SMITH: Yes, sir.
13     THE COURT: Now, Mr. Smith, I thought you had
14 some other objections in the addendum that was submitted
15 to me.
16     MR. SMITH: Your Honor, we made an objection
17 to the role; but, again, that applies to the fraud, so
18 it doesn't -- it really isn't applicable to the final
19 calculation.
20     THE COURT: Does that mean you're withdrawing
21 that?
22     MR. SMITH: Yes, sir. There are no other
23 objections that we have. If there are any, we would
24 withdraw them.
25     THE COURT: I treat that as a statement that all

1  other objections are withdrawn?

2  MR. SMITH: Yes, sir.

3  THE COURT: All right. Now, I think the
4  calculation shows a Total Offense Level 27, Criminal History
5  Category 1.

6  MR. MOORE: Yes, sir.

7  THE COURT: Range of imprisonment of 70 to 87
8  months, two to three years supervised release, restitution
9  of $10,786,251, fine range of 10,000 to $100,000, and a
10 special assessment of $50 as to each count.

11 I believe there were six counts, so it's a total
12 of $300 special assessment.

13 Is there any objection to the calculation of the
14 guidelines?

15 MR. SMITH: There's no objection. I would
16 just note, if this is the appropriate time, that the
17 Government has filed a substantial assistance motion and
18 is recommending a four point downward departure.

19 THE COURT: Let me get to that in just a minute.

20 Does the Government have any objections to the
21 calculation of the guidelines?

22 MR. MOLLOY: No, Your Honor.

23 THE COURT: Let's talk about the Government's
24 5K1.1 motion.

25 MR. MOLLOY: Your Honor, both in my capacity as

1 a managing assistant and after my conversation with Miss
2 Haley, I would describe to Your Honor that Mr. Schinitsky's
3 cooperation was significant and truthful.
4     Shortly after his indictment, he entered a plea
5 of guilty.  He agreed to forfeit virtually all of his
6 assets.  Due in large part to Mr. Schinitsky's cooperation,
7 the codefendants decided to plead guilty.  And he provided
8 information to the FBI about another potential defendant in
9 the scheme to defraud Medicare as well as other matters.
10     I would indicate to Your Honor that we believe
11 that Mr. Schinitsky's cooperation was -- came very timely,
12 it was very significant and we would be recommending a four
13 level downward departure, which is the maximum I am
14 authorized to recommend to the Court.
15     THE COURT:  Mr. Smith?
16     MR. SMITH:  We're satisfied with that, Your Honor.
17     THE COURT:  A four level, if I grant the motion --
18 and I am granting the motion.  If I depart four levels, that
19 would take us to a Criminal History Category 23, a range of
20 imprisonment of 46 to 57 months.
21     Is that where everybody is?
22     MR. MOORE:  (Nodded affirmatively.)
23     MR. MOLLOY:  Yes, Your Honor.
24     MR. SMITH:  The defendant is, Your Honor.  The
25 Government had agreed to recommend the bottom of the

1  guidelines in the plea agreement.
2       MR. MOLLOY:  I have no objection to that, Your
3  Honor, and would so recommend.
4       THE COURT:  All right.  Is there any legal reason
5  why sentence should not be imposed in this case?
6       MR. MOLLOY:  No, Your Honor.
7       MR. SMITH:  No, sir, Your Honor.
8       THE COURT:  Is there anything either of you want
9  to present in mitigation or aggravation?
10      MR. SMITH:  Your Honor, one matter that I raised
11 in my response to the presentence report is that -- and has
12 been commented upon by Mr. Molloy, is that Mr. Schinitsky
13 has forfeited all of his assets.  He is indigent and has no
14 funds with which to pay -- to pay fines.  I made that note
15 and would note it to the Court at this time.  Other than
16 that, we have nothing further to say, Your Honor.
17      THE COURT:  Mr. Schinitsky, it's your -- at this
18 point you have an opportunity to address the Court and make
19 any comments you care to.
20      THE DEFENDANT:  No thank you, sir.
21      THE COURT:  All right.  Having asked the defendant
22 why judgment should not now be imposed, no cause appearing
23 to the Court, having asked both parties, giving both parties
24 an opportunity to address the Court, it's the judgment of
25 the Court that the defendant, Arthur S. Schinitsky, is

1  hereby committed to the custody of the Bureau of Prisons to
2  be imprisoned for a term of 46 months as to each count;
3  the sentences will run concurrently.
4          He's to make restitution to the Department of
5  Health and Human Services totaling $10,786,251.
6          Based on his current financial position, the
7  Court waives imposition of a fine and applicable cost of
8  supervision, as well as cost of imprisonment.
9          Upon release from imprisonment, he is to be
10 placed on supervised release for a term of three years as
11 to each count, to run concurrently.  He is to comply with
12 the standard conditions adopted by the Court in the Middle
13 District of Florida.
14         Additionally, he is to provide the probation
15 office access to any requested financial information.
16         It is further ordered that he pay a special
17 assessment to the United States of $50 as to each count,
18 for a total of $300.
19         The mandatory drug testing requirements are
20 waived.  There is no history of substance abuse.
21         The sentence is a departure from the guideline
22 based on the 5K1.1 motion filed by the Government.
23         The Court accepts the plea agreement.  It's
24 satisfied that the agreement adequately reflects the
25 seriousness of the offense.

1          I think the Government agreed to dismiss a number
2  of counts in exchange for these pleas.
3          MR. MOLLOY: That's correct, Your Honor.
4          THE COURT: Do I treat that as a motion?
5          MR. MOLLOY: I would so move, Your Honor.
6          THE COURT: Based on the motion of the Government,
7  the remaining counts, which I believe are Two through Four
8  in 96-85, Six through Twenty-One and Twenty-Three through
9  Forty. I think that's correct.
10         MR. MOLLOY: I believe that is correct, Your
11 Honor.
12         THE COURT: Based on the motion of the
13 Government --
14         MR. MOLLOY: Yes, sir.
15         THE COURT: -- those counts are dismissed.
16         As to Case Number 96-111, Counts One through
17 Fourteen are dismissed.
18         Having now been sentenced, does counsel for the
19 Government or the defendant have any objection to the
20 sentence or the manner in which the Court pronounced
21 sentence other than what's been previously stated?
22         MR. SMITH: The defendant has no objection.
23         There is a request to the Court that the
24 Government and I have discussed, and the Government has no
25 objection, to report on his own.

```
 1            THE COURT:  What is the request?
 2            MR. SMITH:  That Mr. Schinitsky be allowed to
 3  report on his own.
 4            THE COURT:  All right.  I will grant that.
 5            It is ordered that the defendant may voluntarily
 6  surrender at the institution designated by the Bureau of
 7  Prisons.  He is to make contact with the Marshal's Office
 8  for further instructions regarding voluntary surrender
 9  immediately.
10            MR. SMITH:  Your Honor, there was -- we had also
11  discussed, and the Government had no objection, that if the
12  Court would order that he not be required to report for at
13  least 60 days because of some personal business that he
14  needed to take care of at this time.
15            THE COURT:  All right.
16            MR. SMITH:  And that Eglin be designated and
17  Coleman as a secondary.
18            That's all we have, Judge.
19            THE COURT:  I will recommend -- you want me to
20  take him up there when I go?
21            MR. SMITH:  Well, better you than me, Judge.
22            THE COURT:  I will recommend Eglin as placement
23  of incarceration or Coleman as a secondary placement.  I'm
24  also going to allow him to surrender no sooner than 60 days.
25            Mr. Schinitsky, you're now advised it is your
```

```
 1  right to appeal from the judgment and sentence within ten
 2  days from this date.  Failure to file an appeal within that
 3  ten-day period of time will constitute a waiver of your
 4  right to do so.  The Government may also file an appeal
 5  from this sentence.
 6           You're further advised that you're entitled to
 7  be assisted by counsel in taking an appeal; and if you're
 8  unable to afford a lawyer, one will be provided for you.
 9           Good luck to you, sir.
10           THE DEFENDANT:  Thank you.
11           MR. SMITH:  Thank you, Your Honor.
12           THE COURT:  Thank you, Mr. Smith.
13                    (Proceedings Concluded.)
14                *  *  *  *  *  *  *  *  *  *
15                      C E R T I F I C A T E
16
17  I certify that the foregoing is a correct transcript of
18  the record of proceedings in this case on July 10, 1997.
19
20
21  _____           March 23, 2009
    Patsy Lynn Coleman, RPR, FPR                   Date
22  Contract Court Reporter
23
24
25
```